Allied v. Coyne                          CV-93-062-M    11/29/95
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Allied Electronic Services, Inc.
and Selectel, Inc.,
      Plaintiffs,

      v.                                        Civil No. 93-62-M

Robert K. Coyne,
Computer Controlled Television Services, Inc.,
      Defendants.


                              O R D E R


     This case comes before the court due to plaintiffs' failure
to obtain the appearance of new counsel on its behalf in
accordance with the order issued by the clerk dated November 8,
1995 (document no. 14).

     A review of the record indicates that the defendants Robert
K. Coyne, and Computer Controlled Television Services, Inc. were
defaulted for failure to appear on April 21, 1993.  Assessment of
damages was deferred until resolution of the claims against the
remaining defendants, "Doe Corporate Alter Egos 1 - 10."

     On April 27, 1993, the court issued an order (document
no. 8) relative to the Doe defendants, granting plaintiffs until
October 30, 1993, or until the applicable statute of limitations
had lapsed, if earlier than October 30, 1993, to submit (i) a

motion to amend its complaint, substituting named defendants for the Doe Corporate Alter Ego defendants; or (ii) a memorandum showing good cause why defendants Doe Corporate Alter Egos 1 - 10 should not be dismissed pursuant to Local Rule 21(a) for want of prosecution.

On November 17, 1993, the court entered an order (document no. 9) noting that plaintiffs failed to file a motion to amend its complaint on or before October 30, 1993, to substitute named defendants for the "Doe" defendants, or a memorandum showing good cause why the defendants "Doe Corporate Alter Egos 1 - 10" should not be dismissed pursuant to Local Rule 21(a) for want of prosecution. Accordingly, the court dismissed plaintiffs' complaint as it pertained to defendants Doe Corporate Alter Egos 1 - 10.

A damages hearing was apparently scheduled for December 14, 1993, at 2:00 p.m. However, then counsel to the plaintiffs filed a motion to continue that damages hearing. The damages hearing was rescheduled to January 27, 1994, at 2:00 p.m. before Magistrate Judge Barry. An affidavit was submitted by the Chief Executive Officer of plaintiff, Allied Electronic Services, Inc. on January 27, 1994. On February 1, 1994, the Magistrate Judge entered an order indicating that the damages hearing should be

2

indefinitely continued because the resolution of the cases against the remaining defendants had not yet occurred (document no. 12). However, the remaining defendants had previously been dismissed, and, it appears that the damages hearing should have been conducted.

On October 10, 1995, Attorney R. Peter Shapiro, apparently in response to inquiries from the clerk's office, notified the clerk that he had intended his previous withdrawal as counsel to Allied Electronic Services, Inc. in other cases to also serve as a withdrawal in this case. Accordingly, the court treated Attorney Shapiro's letter as a withdrawal, and, on November 8, 1995, the clerk issued an order requiring Allied Electronic Services, Inc. and Selectel, Inc. to obtain new counsel and have counsel file his or her appearance on or before November 22, 1995, thus bringing the matter full circle.

Given the defendants' default in this case, it would be unjust to dismiss the case at this juncture based upon plaintiff corporations' own failure to obtain new corporate counsel in the short time allotted. Additionally, a review of the file indicates that the information necessary to make a determination of damages is present in the form of the affidavit of Arnold

3

Appell, Chief Executive Officer of plaintiff Allied Electronic Services, Inc.

Accordingly, the court, having reviewed the affidavit of damages assesses damages as follows. See Rule 55, Fed. R. Civ. P. Plaintiffs have established reasonable contract damages in the amount of $15,138.50 as the amount due for equipment delivered to the defendants. In addition, research and development costs expended, in the amount of $48,000.00 constitute damages reasonably related to the defendants' breach of contract.

Plaintiffs also seek damages for "loss of profit for five years" in the amount of $300,000.00. Plaintiffs generally assert that the new business venture memorialized in the contract would have been profitable in a specified amount but for the defendants' breach of contract and other wrongful conduct. Lost profits of this kind, however, are often speculative in that they "depend upon how a variety of variables affecting a stream of revenues and expenses would have played out over time, if the wrongdoing had not occurred." Bezanson v. Fleet Bank - NH, 29 F.3d 16, 21 (1st Cir. 1994). Thus, lost profits of this type must be shown with "reasonable certainty," and cannot be speculative. Eastern Mountain Platform Tennis, Inc. v. Sherwin-

4

<u>Williams Co.</u>, 40 F.3d 492, 502-03 (1st Cir. 1994) (applying New Hampshire law).  Evidence of lost profits must "provide enough information under the circumstances to permit the fact finder to reach a reasonably certain determination of the amount of gains prevented."  <u>Independent Mechanical Contractors, Inc. v. Gordon T. Burke and Sons, Inc.</u>, 138 N.H. 110, 118, 635 A.2d 487, 491 (1993); <u>see also</u> <u>Great Lakes Aircraft Co. v. City of Claremont</u>, 135 N.H. 270, 608 A.2d 840 (N.H. 1992); <u>Hydraform Products Corp. v. American Steel</u>, 127 N.H. 187, 498 A.2d 339 (N.H. 1985).

Mr. Appell's affidavit states that if this case proceeded to trial plaintiffs would produce evidence establishing the facts described in the affidavit.[1]  Relying upon that information, the court finds that the claim for lost profits is too speculative to be recoverable and does not award damages based upon anticipated lost profits.

Accordingly, judgment shall be entered forthwith in favor of the plaintiffs against the defendants Robert K. Coyne, and

---

[1]  If either plaintiff believes other or different evidence could be marshalled at a hearing, they may file a motion to amend the judgment within thirty (30) days of entry of judgment seeking a hearing and specifying the nature of the evidence they desire to present.  Of course, prior to or contemporaneously with filing such a motion, new counsel of record must file an appearance on behalf of the plaintiff corporations (see order dated November 8, 1995).

5

Computer Controlled Television Services, Inc., in the amount of $63,138.50, plus prejudgment interests and costs.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

November 29, 1995

cc:  Arnold Appell, Chief Executive Officer
        Allied Electronic Services, Inc.
     Selectel, Inc.
     Robert K. Coyne
     Computer Controlled Television Service, Inc.